### Joseph H. Hudlun v. George S. Blakeslee.

1. CORPORATIONS—*Effect of Insolvency of, on Claims of Officers against the Corporation.*—The directors of a solvent corporation, acting in good faith, may deal with it and loan it money, and the subsequent insolvency of the corporation will not affect their right of action to recover their loans.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded with directions. Opinion filed July 26, 1897.

C. Stuart Beattie, attorney for appellant.

Israel Shrimski and Franklin A. Denison, attorneys for appellee.

Mr. Justice Windes delivered the opinion of the Court.

Appellant has appealed from an interlocutory order of the Circuit Court appointing a receiver on a creditor's bill, based upon a judgment recovered by appellee Blakeslee, against a corporation, May 25, 1897.

The sufficiency of the allegations of the bill to justify the appointment of the receiver are questioned. The bill alleges that a judgment was rendered May 19, 1897, against the same corporation, in favor of appellant, upon two notes, dated, respectively, May 13, 1895, and June 2, 1894; the first payable on demand and the second in six months, which notes were given by one Snowden, who was then secretary and a director of the same corporation, and when the judgment was entered was the president and director; that the notes were delivered by Snowden to appellant without consideration, after their maturity; that at the time the notes were delivered to appellant the corporation was insolvent, to the knowledge of Snowden and appellant; that the transfer was a scheme to prefer Snowden as a creditor of the corporation, and that appellant's judgment is fraudulent and void as to appellant, and a preference of the director, Snowden.

While the bill contains the usual allegations of a creditor's bill, as to issuance of execution, return of sheriff *nulla bona*, and the like, it fails to allege the insolvency of the corporation at the time the notes were given, or at the time when the debt was contracted for which the notes were given, nor does the bill attack the *bona fides* of the notes in any way, except it says their transfer to appellant was with-

out consideration and a scheme to prefer Snowden as a creditor.

It is wholly immaterial that the corporation was insolvent when the notes were transferred. In order that the case of Beach v. Miller, 130 Ill. 162, cited by appellee, be in point the bill should allege insolvency of the corporation at the time the notes were given or the debt contracted.

In Illinois Steel Co. v. O'Donnell, 156 Ill. 624, the Supreme Court held that the directors of a solvent corporation, acting in good faith, may deal with it and loan it money, and the subsequent insolvency of the corporation will not affect their rights of action to recover their loans.

Therefore it seems clear that the allegations of this bill were insufficient to justify the appointment of the receiver, and the order of the Circuit Court in that regard is reversed and the cause remanded, with directions to the Circuit Court to make such orders as to said receivership as will not be inconsistent with this opinion. Reversed and remanded with directions.